# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-04-224-M |
| | ) | |
| RAJ PERSAD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss Prosecution, filed January 23, 2009. On February 17, 2009, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On December 14, 2004, the Federal Grand Jury returned a two-count sealed Indictment charging defendant with knowingly making and using a false writing and document in a matter involving the United States Department of Defense.[1] Count 1 charges that on or about October 31, 2002, defendant submitted a Record of Military Processing to the Oklahoma National Guard Military Intelligence which falsely represented that he was a United States citizen, when in fact he was not a United States citizen, but a citizen of Trinidad. Count 2 charges that on or about September 10, 2004, defendant submitted a security clearance application to the Oklahoma National Guard containing several false statements including that he: (1) was a United States National, (2) had never been ordered deported, (3) had never been married, (4) had received an honorable

---

[1] The grand jury returned the Indictment approximately two months after defendant was permitted to voluntarily depart the United States after ultimately losing his immigration appeals.

discharge in 1996, (5) had never left a job under unfavorable circumstances, (6) had never filed bankruptcy, and (7) was awaiting his naturalization ceremony date.

On October 31, 2006, the Indictment was unsealed. Defendant began communicating with the government, and on March 22, 2007, the government sent defendant an affidavit with instructions to aid in the appointment of counsel to resolve the matter. On April 6, 2007, defendant notified the government he was attempting to retain William Campbell to represent him. Mr. Campbell was eventually retained and began discussions with the government. On July 17, 2007, Mr. Campbell was given copies of the investigative reports and grand jury information, and the discussions continued. On January 23, 2009, defendant filed the instant motion seeking to dismiss this action based upon alleged misconduct before the grand jury and unreasonable delay in prosecution.

II. Discussion

    A. Alleged misconduct before the grand jury

Defendant alleges the following misconduct occurred before the grand jury: (1) perjury committed by Jacqulyn Hensley, the Defense Criminal Investigative Service Special Agent who testified before the grand jury; (2) prosecutorial misconduct; (3) selective prosecution; and (4) exploitation of immutable characteristics of defendant.

The remedy of dismissal of an indictment is an extraordinary one. *United States v. Pino*, 708 F.2d 523, 530 (10th Cir. 1983). Dismissal of an indictment "is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (internal quotations omitted). Further,

"as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Id.* at 254. Additionally, "[a]n indictment may be dismissed for prosecutorial misconduct which is flagrant to the point that there is some significant infringement on the grand jury's ability to exercise independent judgment." *Pino*, 708 F.2d at 530. Finally, "[a]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination." *Id.*

Having carefully reviewed the parties' submissions, and particularly the grand jury transcript, the Court finds defendant has not established the alleged misconduct substantially influenced the grand jury's decision to indict. Further, the Court is not persuaded that the circumstances involved in this case as a whole show such flagrant misconduct that the grand jury was overreached or deceived in some significant way, or that the prosecutor's conduct significantly infringed on the ability of the grand jury to exercise its independent judgment. Specifically, the Court finds that the alleged false testimony by Special Agent Hensley did not overreach or deceive the grand jury in some significant way. The Court finds much of the testimony in question is supported by various documents. Further, the Court finds defendant has not presented any evidence and, therefore, has not established that defendant was selectively prosecuted or that the government exploited immutable characteristics of defendant.

Accordingly, the Court finds no misconduct which would warrant the dismissal of the Indictment.

B. Unreasonable delay

"Once a defendant is formally accused, the specific right to speedy trial provided by the Sixth Amendment is implicated." *United States v. Padilla*, 819 F.2d 952, 963 (10th Cir. 1987). The United States Supreme Court has set out four factors to be considered in determining whether a defendant has been deprived of his Sixth Amendment right to a speedy trial: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "No one factor alone can establish a speedy trial violation; all must be considered together." *Padilla*, 819 F.2d at 963.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. The Tenth Circuit has held that a delay of sixteen months between indictment and arrest was presumptively prejudicial. *See United States v. Jenkins*, 701 F.2d 850, 856 (10th Cir. 1983). Because at the time defendant filed his motion it had been over four years since the return of the Indictment and defendant had never been arrested, the Court finds that the length of delay in this case is presumptively prejudicial such that this Court must inquire into the remaining three factors.

"Closely related to length of delay is the reason the government assigns to justify the delay." *Barker*, 407 U.S. at 531.

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

4

*Id.*

Defendant asserts that the government does not have any valid reason for the delay. Specifically, defendant contends that there was no reason for this case remaining sealed for nearly two years – there was no on-going investigation and there was no concern that defendant would flee the jurisdiction since he had departed the United States prior to the return of the Indictment. Defendant further contends that the government has taken no steps to further this prosecution.

In its response, the government does not directly set forth any reason for the delay in this case. The government, however, notes that following the Indictment being unsealed, it began communications with defendant and ultimately with his counsel, trying to resolve the case and that once the negotiations broke down, defendant filed the instant motion.

Having carefully reviewed the parties' submissions, the Court finds that the delay in this case was not a deliberate attempt on the part of the government to delay the trial in order to hamper the defense. Further, the Court finds that engaging in communications and negotiations with defendant and his counsel is a valid reason for some delay. However, the Court finds that such a reason does not justify the length of delay that has occurred in this case. Additionally, the Court is troubled by the fact that the government has not proffered any explanation as to why the Indictment was under seal for the length of time that it was. Accordingly, the Court finds that this factor must weigh somewhat against the government.

> Whether and how a defendant asserts his right is closely related to the other factors . . . . The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is

> being deprived of the right. We emphasize that failure to assert the
> right will make it difficult for a defendant to prove that he was denied
> a speedy trial.

*Id.* at 531-32.

In the case at bar, defendant never asserted his speedy trial right until he filed the instant motion. Accordingly, the Court finds that this factor strongly weighs against defendant.

Prejudice to the defendant must be assessed in light of the interests of defendants which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

In his motion, defendant asserts the following prejudice: "He is virtually imprisoned on the island where he resides. He cannot travel freely outside of Trinidad. He has no expectation of being able to live a normal life as other citizens." Defendant's Brief in Support of Motion to Dismiss Prosecution at 23. Defendant does not, however, assert that his defense has been impaired by the delay. Accordingly, having reviewed the parties' submissions, the Court finds the prejudice factor only slightly weighs against the government.

Having carefully balanced the factors set forth above, the Court finds defendant's Sixth Amendment right to a speedy trial has not been violated. Specifically, while the Court finds the length of delay in the instant case is significant, the Court finds the fact that defendant never asserted his speedy trial right before filing the instant motion and the fact that defendant does not assert that his defense has been impaired tip the balance decidedly in favor of the government. Accordingly, the Court finds that the Indictment should not be dismissed based upon the delay in prosecution.

III.     Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss Prosecution [docket no. 6].

**IT IS SO ORDERED this 16th day of March, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE